UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINSTON COOMBS,<br><br>    Plaintiff,<br><br>v.<br><br>PREMIER RECOVERY GROUP INC.;<br>JOEY YOUNGER; and<br>DOE 1-5<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

**PARTIES**

3.      Plaintiff, Winston Coombs (hereinafter "Plaintiff" or "Mr. Coombs"), is a natural person residing in Streamwood, Illinois.  Defendant, PREMIER RECOVERY GROUP INC. is a corporation believed to maintain its principle place of business at 191 North Street in Buffalo, NY.  JOEY YOUNGER is the chief executive officer of PREMIER RECOVERY GROUP INC., a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

4.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.       PREMIER RECOVERY GROUP INC., JOEY YOUNGER, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.      Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

**FACTUAL ALLEGATIONS**

7.      Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Mr. Coombs.

8.      On May 21, 2014, Defendants called Mr. Coombs' cell phone number and left a message, the content of which is as follows:

"This message is solely intended for Winston Coombs. If you are not Winston Coombs please hang up now and disregard this message. File number 405740, which was placed with Premier Recovery Group has been escalated to our final review department due to lack of response from the required respondent. A thorough review of this file is being conducted by one of our loss mitigation specialists and the recommendation of action to our client is imminent. In order for your personal statement to be included in this review, press 9 now to speak to the representative responsible for conducting this review or call 877-799-9234 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included."

9. On May 21, 2014, Defendants called Mr. Coomb's cell phone number a second time and left a message, the content of which is as follows:

"This message is solely intended for Winston Coombs. If you are not Winston Coombs please disregard this message. A serious matter associated with your personal information has been placed with our office. We need to receive a statement from you today. Press 9 to speak with an associate immediately or you can reach us at 1-888-814-8696."

10. On June 6, 2014, Defendants called Mr. Coomb's cell phone number and left a message, the content of which is as follows:

"This message is solely intended for Winston Coombs. If you are not Winston Coombs please hang up now and disregard this message. File number 405740, which was placed with Premier Recovery Group has been escalated to our final review department due to lack of response from the required respondent. A thorough review of this file is being conducted by one of our loss mitigation specialists and the recommendation of action to our client is imminent. In order for your personal statement to be included in this review, press 9 now to speak to the representative responsible for conducting this review or call 877-799-9234 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included."

11. Defendants left similar messages on Mr. Coombs' mother's voicemail between April 7 and May 27, 2014.

12. At no point in time did Mr. Coombs authorize Defendants to communicate with his mother or any other third party regarding any debts he allegedly owed.

13. Increasingly harassed and concerned with Defendants' messages, including those to his mother, Mr. Coombs retained counsel with Centennial Law Offices.

14. As a direct result of the collection activity herein alleged, Mr. Coombs has incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communications with Plaintiff, namely that Defendants are debt collectors.

### COUNT II

16. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by failing to disclose in their communications with Plaintiff that the communications were from a debt collector and being made in an attempt to collect a debt.

### COUNT III

17. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and

herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating, in connection with the collection of a debt, with a third-party without Plaintiff's consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,355.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: May 21, 2015   s/Robert Amador

Robert Amador, Esq.
Attorney for Plaintiff Winston Coombs
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com